Reese, J.
delivered the opinion of the court.
"The question in this case is, whether the answer, under the construction and operation of our statute, (1821, c. 66,) makes out a case of champerty ? A highly respectable judge? sitting ⅛ the circuit court, has determined the question in the affirmative, and this determination involves a construction both of the answer and of the act of .assembly.
1. As to the answer, it makes out .the case of a very poor female living in another state, and at a great distance, claiming a considerable estate in lands, held so long in the adverse possession of others, as that, by the operation of .the statute of limitations. her title is about Jo be divested; who., proposing .to institute .an action, writes to an attorney here, that if he twill commence suit for her and successfully prosecute it, she twill-give him a liberal, perhaps a large fee. He replies that the law of his community does not permit that the compensation to be received by him, shall be contingent upon the event of the suit, but that her interest shall be attended to. He brings suit, takes an obligation which he says is unconditional, and to the payment of which he would be entitled, let the recovery eventuate as it may. But such, in his estimate .of them, are .tire circumstances of the plaintiff, that he deems the security for his fee utterly worthless if the termination of the suit should be unfavorable. What does this amount to? Not that the terms of the contract, the understanding of the parties to it, or the obligations of conscience arising out of it, are such, that if by the death of relations, or other event, the plaintiff should become able to pay, he would be precluded from enforcing his security. The contingency in the character of his compensation proceeds, not *118 from the terms of the agreement, hut from existing inability to pay, which nothing is likely to obviate but success in the suit.
2. Does the statute make a contingency of this sort champerty? To say so, would be to give a most extended operation .to the statute. But it is contended for the defendants that it should be liberally and largely expounded in advancement of the remedy. The nature of the remedy is shown in the decree which w.as. rendered; the cases at bar were ordered to be stricken from the docket at the costs of the plaintiff, and the attorney was ordered to p ay the costs in chancery; and to that, by the provisions of the act, might have been annexed, that 'he he stricken from the roll, and deprived of his privileges of attorney and counsellor. The statute therefore, is not only summary in its course of procedure, but highly penal in its sanction. It cannot therefore, on obvious and long settled principles, have the liberal and extended construction claimed for it. It is true, that notlvng is more pernicious to die security of the community, nor any thing more injurious to that character, for dignity, integrity, and purity, so indispensable in members of the bar, than the indulgence of a gambling spirit which would lead them, for contingent and possible advantage, to agitate society in the prosecution of doubtful, pretended or obsolete claims. And, therefore, champerty where it exists, and is distinctly.made out, deserves severe reprobation. On the other hand, to investigate the claims or redress the wrongs of the indigent and the injured, is no quixotism, hut a grave and highly honorable duty of the profession, the performance of which, if not voluntarily assumed, may he enforced by the court. And we are not prepared to say, that if an indigent man, who in the opinion of the attorney has probable cause of action, employ him, instead of applying to the court to have him .assigned as counsel, by himself suing as a pauper, that such employment, although the ability of the party to pay will depend upon his success, shall be construed to amount to champerty.
Let the decree rendered in this case be reversed, and the bill be dismissed, and let the trustees of Campbell academy *119 pay all the costs, except the costs of defendants, Mary Ann Moore, Henry Wilson Williamson, and John H. Martin,incurred up to the time of filing their answers, which, up to that time let them pay.
Decree reversed.